No. 16-51431

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

JON R. DEUTSCH,

PLAINTIFF-APPELLANT,

—VERSUS—

TRAVIS COUNTY SHOE HOSPITAL, INCORPORATED,

DEFENDANT-APPELLEE.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

**BRIEF OF APPELLEE
TRAVIS COUNTY SHOE HOSPITAL, INC.**

David P. Strolle, Jr.
Texas Bar No. 19408700
GRANSTAFF, GAEDKE & EDGMON, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
Telephone: 210-348-6600, Ext. 203
Facsimile: 210-366-0892
Email: dstrolle@caglaw.net

ATTORNEY FOR APPELLEE

## CERTIFICATE OF INTERESTED PERSONS

Jon R. Deutsch,
        Plaintiff-Appellant,

v.                                No. 16-51431

Travis County Shoe Hospital, Incorporated,
        Defendant-Appellee.

        The undersigned counsel certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. R. 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

1. Jon R. Deutsch—Appellant
2. Travis County Shoe Hospital, Incorporated—Appellee
3. W. Carroll Kelly, III—Representative of appellee
4. Omar M. Rosales—Trial and appellate counsel for appellant
5. David P. Strolle, Jr.—Trial and appellate counsel for appellee

                         */s/ David P. Strolle, Jr.*
                         David P. Strolle, Jr.
                         ATTORNEY FOR APPELLEE
                         TRAVIS COUNTY SHOE HOSPITAL,
                         INCORPORATED

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Travis County Shoe Hospital, Inc. is not requesting an oral argument because this is a relatively simple matter involving an Order granting Appellee's Motion to Dismiss. The law is clear, and this factual dispute is neither novel nor complicated. For this reason, Appellee believes that the issues can be decided by brief alone.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS ............................................................................... iii

INDEX OF AUTHORITIES ........................................................................... v

ISSUE PRESENTED ................................................................................... ix

STATEMENT OF THE CASE ........................................................................ 1

A.    Statement of the Facts and Proceedings Below ............................. 1

B.    Misstatements Included in Appellant's Statement of the Case and
      Associated Facts ............................................................................ 5

SUMMARY OF THE ARGUMENT .................................................................. 7

ARGUMENT AND AUTHORITIES .................................................................. 8

I.     THE DISTRICT COURT PROPERLY GRANTED APPELLEE'S MOTION TO
       DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND
       12(B)(6) BASED ON LACK OF STANDING AND MOOTNESS ........................... 8

       A.    Standard of Review ............................................................. 8

       B.    Americans with Disabilities Act ......................................... 9

       C.    Federal Rule of Civil Procedure 12(b)(1) ........................... 9

       D.    Federal Rule of Civil Procedure 12(b)(6) ......................... 11

       E.    Mootness ......................................................................... 12

             1.    Voluntary Cessation ............................................... 14

             2.    No Relief .................................................................. 16

F. Appellant Is Not Entitled to Injunctive Relief ................................... 17

G. Standing ............................................................................................ 18

II. THE ISSUES CONCERNING A CONTEMPT FINE LEVIED AGAINST COUNSEL FOR APPELLANT AND A NON-EXISTENT AWARD OF ATTORNEYS' FEES TO APPELLEE DO NOT REQUIRE REVERSAL OF THE DISTRICT COURT'S ORDER GRANTING APPELLEE'S MOTION TO DISMISS ................................................................................................ 20

A. Contempt ......................................................................................... 20

B. Award of Attorneys' Fees ................................................................ 21

CONCLUSION AND PRAYER ...................................................................... 23

CERTIFICATE OF SERVICE .......................................................................... 25

CERTIFICATE OF COMPLIANCE .................................................................. 26

## INDEX OF AUTHORITIES

**CASES**                                                              **PAGE(S)**

*Access 4 All, Inc. v. Bamco VI, Inc.*, No. 11-61007-CIV, 2012 WL 33163 (S.D. Fla. Jan. 6, 2012) .......................................................... 15, 16

*Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F. Supp. 2d 1359 (S.D. Fla. 2006), *vacated*, 264 Fed. App'x 792 (11th Cir. 2008) ............. 15, 16, 17

*Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357 (S.D. Fla. 2001) ......................................................................................... 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................... 11

*Bryant v. Military Dep't*, 597 F.3d 678 (5th Cir. 2010) ........................... 8

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) ............................................................. 14, 17

*Calhoun v. FBI*, 546 Fed. App'x 487 (5th Cir. 2013) (per curiam) ...................... 13

*Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413 (5th Cir. 2013) ......................................................................... 13

*Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138 (5th Cir. 1993) ............ 13

*Clark v. Tarrant County*, 798 F.2d 736 (5th Cir. 1986) ........................ 11

*County of Los Angeles v. Davis*, 440 U.S. 625 (1979) ........................... 14

*Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, No. 01-CV-5518 (MBM), 2003 WL 1751785 (S.D.N.Y. April 2, 2003) ............... 18

*Dudley v. Hannaford Bros. Co.*, 333 F.3d 299 (1st Cir. 2003) ............................. 18

*Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519 (5th Cir. 2008) ..... 12, 13

*Ethredge v. Hail*, 996 F.2d 1173 (11th Cir. 1993) ................................................ 14

*Fantasy Ranch Inc. v. City of Arlington*, 459 F.3d 546 (5th Cir. 2006) ............... 14

*Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208 (11th Cir. 2000) ........................................... 14

*Fortyune v. Am. Muti-Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004) .............. 18, 19

*Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256 (11th Cir. 1997) ............. 11

*Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002) ................................................................................................................ 8

*Hogan v. Miss. Univ. for Women*, 646 F.2d 1116 (5th Cir. 1981) ........................ 13

*Houston v. 7-Eleven, Inc.*, No. 13-60004-CIV, 2014 WL 351970 (S.D. Fla. Jan. 31, 2014) ............................................................................................... 15

*In re Comshare, Inc. Sec. Litig.*, 183 F.3d 542 (6th Cir. 1999) .............................. 8

*Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374 (S.D. Fla. 2011) ............ 15, 16, 17

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ......................... 9

*LeClerc v. Webb*, 419 F.3d 405 (5th Cir. 2005) ..................................................... 8

*Machete Prods., LLC v. Page*, 809 F.3d 281 (5th Cir. 2015) ........................... 8, 10

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir. 1980) ...................... 10

*Mortensen v. First Fed. Savs. Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) ............. 10

*Nat'l All. for Accessibility, Inc. v. Walgreen Co.*, No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809 (M.D. Fla. Nov. 28, 2011) ................................. 15

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ............................................................. 17

*Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065 (D. Haw. 2000) ............. 15, 19

*Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981) ......................................... 10

*Pershing, LLC. v. Kiebach*, 819 F.3d 179 (5th Cir. 2016) ...................................... 9

*Powell v. McCormack*, 395 U.S. 486 (1969) .......................................................... 13

*Republican Party v. Martin*, 980 F.2d 943 (4th Cir. 1992) ................................... 11

*Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392 (S.D. Tex. Oct. 22, 2008) ...................................................................................................................... 11

*Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258 (5th Cir. 2008) ...................................................................................................................... 12

*Scruggs v. Lowman (In re Scruggs)*, 392 F.3d 124 (5th Cir. 2004) (per curiam) .................................................................................................................. 12

*Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93 (D.D.C. 2007) ....... 16, 17

*Sibron v. New York*, 392 U.S. 40 (1968) ................................................................ 13

*Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000) ............................................ 18

*Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981) ............................................ 10

*Warth v. Seldin*, 422 U.S. 490 (1975) ................................................................... 12

## Statutes and Rules

28 C.F.R. § 36.401 (Lexis 2017) ............................................................................ 9

28 C.F.R. pt. 36 apps. A-D (Lexis 2017) ............................................................... 9

42 U.S.C.S. § 12182 (Lexis 2017) .......................................................................... 9

42 U.S.C.S. § 12188 (Lexis 2017) ..................................................................... 9, 12

Fed. R. Civ. P. 12 ............................................................................................... 9, 11

## CONSTITUTIONAL PROVISION

U.S. Const. art. III, § 2 ............................................................................................. 12

### ISSUE PRESENTED

Appellant Jon R. Deutsch improperly frames the issues to be determined in this Appeal. Appellee Travis County Shoe Hospital, Inc. contends that the issue to be determined is whether the Honorable Lee Yeakel of the United States District Court for the Western District of Texas, Austin Division, properly granted Appellee's Motion to Dismiss filed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on lack of standing and mootness.

### STATEMENT OF THE CASE

**A.    STATEMENT OF THE FACTS AND PROCEEDINGS BELOW**

In 2003, Appellee Travis County Shoe Hospital, Inc. purchased an existing

small building in south Austin located at 1911 W. Ben White Boulevard. ROA.32.

The building included four parking spaces for use by customers. ROA.54. Since

that time, Appellee has operated a small shoe repair facility at that location.

ROA.188. Appellee never received any complaints concerning accessibility issues.

ROA.54-55. Appellee never received any notice that the facility and/or parking

was not ADA compliant. ROA.55. Appellee never received any requests for

modifications. ROA.54-55. By his own admission, Appellant Jon R. Deutsch never

patronized the shoe repair facility operated by Appellee, including on August 28,

2015, when Mr. Deutsch allegedly visited the facility as part of the scheme

employed by Mr. Deutsch and his attorney. ROA.288. Even on that occasion, Mr.

Deutsch did not exit his vehicle and did not make any attempt to enter the

premises. ROA.194; ROA.288. Likewise, Mr. Deutsch did not provide any type of

notice of any accessibility issues to Appellee. ROA.54-55; ROA.288.

In a nutshell, the scheme employed by Mr. Deutsch and his attorney worked

like this: (1) Mr. Rosales identified small business locations (primarily in south

Austin at that time, although Mr. Deutsch and Mr. Rosales have since expanded

their hunting grounds) that he believed were in violation of one or more technical

ADA requirements; (2) Mr. Rosales provided Mr. Deutsch with a document referred to as a log that listed various locations including the pre-printed name and address of the business and included two columns to be completed by Mr. Deutsch to document that date and time that Mr. Deutsch allegedly visited; (3) following the sham visit by Mr. Deutsch, Mr. Rosales would file an ADA Title III lawsuit against the small business; and (4) upon receipt of any type of response to the lawsuit, Mr. Rosales would send a demand letter to the small business owner offering to settle the lawsuit for $7,000 and threatening that if this offer was not accepted, Mr. Rosales would institute various summary proceedings and incur up to $100,000 that the small business would potentially be liable to pay. ROA.52; ROA.197-202. Mr. Deutsch and Mr. Rosales utilized this scheme to file approximately 385 separate ADA lawsuits in the Western District of Texas, Austin Division, during 2015 and 2016, against small businesses located in south Austin, primarily along Ben White Boulevard, South Lamar Street, and South Congress Avenue. ROA.197-202.

Unfortunately, Appellee Travis County Shoe Hospital, Inc. appeared on the list of targets prepared by Mr. Rosales, and on August 28, 2015, Mr. Deutsch allegedly went to the business operated by Appellee. ROA.13. According to his sworn testimony provided at an August 24, 2016 hearing, although he needed to have a pair of boots resoled, Mr. Deutsch claimed that someone parked next to his

vehicle so he could not exit his vehicle or attempt to enter the shoe repair facility. ROA.288. Mr. Deutsch did not notify Appellee that he had a problem attempting to enter the location. ROA.288-89. Mr. Deutsch had never been to Appellee's business before August 28, 2015, has not been back to Appellee's business since August 28, 2015, and has no specific intention to return to Appellee's business on any specific day. ROA.288-89. Following the system developed by Mr. Deutsch and Mr. Rosales, Mr. Deutsch filed a lawsuit against Appellee on December 22, 2015 without prior notice of any kind. ROA.7-18.

After being served with the lawsuit, Mr. W. Carroll Kelly, III, the authorized representative of Travis County Shoe Hospital, contacted counsel for Appellant, Mr. Omar W. Rosales, and advised him that he was not aware of any ADA issues at his business and would remedy any such issues as soon as possible. ROA.54-55. Mr. Rosales told him that it was too late to remedy any ADA issues and that he was going to have to pay money to Mr. Deutsch and Mr. Rosales to resolve the lawsuit. ROA.55. Concerned about this response, Mr. Kelly retained the undersigned counsel for Appellee, who filed an Answer on February 4, 2016. ROA.31-37; ROA.55. That same day, Mr. Rosales sent Appellee the standard settlement demand letter offering to settle this suit for $7,000. ROA.51-52; ROA.55.

This settlement offer was rejected and on June 15, 2016, Appellee filed a Motion to Dismiss. ROA.39-53. On July 5, 2016, Judge Lee Yeakel referred Appellee's Motion to Dismiss to Magistrate Judge Andrew W. Austin. ROA.95. Following several hearings—including the hearing on August 24, 2016, when Mr. Deutsch testified about the standing issues raised in the Motion to Dismiss—Magistrate Judge Austin entered his Report and Recommendations on September 21, 2016, recommending that the Appellee's Motion to Dismiss be granted. ROA.187-204. Appellant filed both Objections and Supplemental Objections that contained numerous irrelevant and untrue statements, and were extremely disrespectful towards Magistrate Judge Austin. ROA.205-219; ROA.229-31. Accordingly, Appellee filed a Response to Objections pointing out these issues. ROA.239-47.

On December 7, 2016, Judge Yeakel entered an Order on Report and Recommendations addressing three items: (1) overruling the Objections and Supplemental Objections previously filed by Appellant; (2) completing a *de novo* review then accepting and adopting the report and recommendations of Magistrate Judge Austin; and (3) granting the Motion to Dismiss previously filed by Appellee. ROA.248-49. On December 7, 2016, Judge Yeakel also signed and entered a Final Judgment dismissing all claims made by Appellant without prejudice, awarding Appellee its costs of court and closing the case. ROA.250.

**B.    MISSTATEMENTS INCLUDED IN APPELLANT'S STATEMENT OF THE CASE AND ASSOCIATED FACTS**

Unfortunately, in what has become a clear and repeated pattern followed by Appellant throughout this case, the Appellant's statement of the case and associated facts contain numerous clearly and demonstrably untrue statements. Appellant's Br. at 9-15. That section of Appellant's brief also contains numerous statements ascribing motivations and emotional conditions to Magistrate Judge Austin without any basis. Appellant's Br. at 9-15. The clearly demonstrable misstatements include the following:

1.    Appellant states that "Defendant refused to provide Mr. Deutsch and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves the Austin Shoe Hospital." Appellant's Br. at 10-11. The truth of the matter is that Defendant/Appellee never refused to address any ADA parking issues and timely made readily achievable modifications to address those issues after they were identified. ROA.47; ROA.55-56.

2.    Appellant states that "In his motion to dismiss, the Defendant did not cite any Fifth Circuit or Supreme Court precedent." Appellant's Br. at 11. The truth of the matter is that Defendant/Appellee cited numerous precedents from both the Fifth Circuit and the United States Supreme Court. ROA.39-53.

3.    Appellant states that "The information reflected on Pacer (input by the Court Clerk) indicated that it was not necessary for the Appellant to attend the

hearing on 7/16/2016." Appellant's Br. at 11. The truth of the matter is that the Pacer entries that Appellant relies upon **do not** indicate that it was not necessary for Appellant to attend. ROA.111-13. Pacer is simply a notification system that provides notice of activity in a case and includes a link to the document(s) that were filed in the case. ROA.139. In this case, the activity was an Order entered by Magistrate Judge Austin that scheduled an evidentiary hearing and included the following language: "IT IS FURTHER ORDERED that Plaintiff Jon R. Deutsch be present at the hearing, and be prepared to provide sworn testimony on the standing issues raised in the motions." ROA.97. For Appellant to continue arguing that the Pacer notification somehow superseded plain language of the Order entered by Magistrate Judge Austin seems absurd and disingenuous at best.

4.    Appellant states that "The Plaintiff also testified that he was both a patron of the businesses and an ADA tester since he frequented the businesses prior to his disability and after becoming paralyzed." Appellant's Br. at 13. The truth of the matter is that Mr. Deutsch testified that he had never been to Appellee's business before August 28, 2015, did not attempt to enter the premises on August 28, 2015, and did not have any specific intention to return on any specific day in the future. ROA.195-96; ROA.288-89.

5.    Lastly, Appellant states that "The Magistrate then adopted a 100-mile radius test for ADA standing, and ruled that since Appellant did not live within

100-miles of the Austin-based Defendant, Appellant did not have standing to pursue ADA cases in Austin." Appellant's Br. at 13-14. The truth of the matter is that no such test was adopted and no such ruling was issued in this case. ROA.189-203.

## SUMMARY OF THE ARGUMENT

The ADA provides a private cause of action whereby Appellants, like Mr. Deutsch, can obtain injunctive relief to remedy ADA violations. There is no provision in the ADA allowing a private Appellant to recover damages. In order to maintain a lawsuit to obtain injunctive relief, the Appellant must demonstrate both that Appellant has suffered a legal injury that requires relief from the Court (standing) and that there is a live controversy upon which the Court can grant meaningful relief (mootness). Mr. Deutsch failed to demonstrate either of these two legal requirements. Therefore, Appellee's Motion to Dismiss was properly granted and this case was accordingly dismissed without prejudice.

Appellant focuses a very significant portion of his argument upon various alleged actions of Magistrate Judge Austin, several of which are irrelevant to the issues to be determined in this pending appeal and several of which are demonstrably untrue. Appellant likewise repeatedly argues that once subject matter jurisdiction has been conferred and a claim has been stated upon which relief can be granted, the issues of standing and mootness are permanently decided

throughout the remainder of the case regardless of what occurs after the filing of the lawsuit. This is simply not a correct statement of the law.

## ARGUMENT AND AUTHORITIES

I. **THE DISTRICT COURT PROPERLY GRANTED APPELLEE'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6) BASED ON LACK OF STANDING AND MOOTNESS.**

### A. Standard of Review

This Court reviews a district court's Rule 12(b)(1) and Rule 12(b)(6) dispositions *de novo*, applying the same standards as the district court. *See Bryant v. Military Dep't*, 597 F.3d 678, 684 (5th Cir. 2010); *see also LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005). In doing so, this Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Machete Prods., LLC v. Page*, 809 F.3d 281, 287 (5th Cir. 2015). However, this Court is not required to accept as true legal conclusions that are couched as factual allegations. *See id.* Furthermore, it is "not restricted to ruling on the district court's reasoning, and may affirm a district court's grant of a motion to dismiss on a basis not mentioned in the district court's opinion." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002) (quoting *In re Comshare, Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999)).

**B.    Americans with Disabilities Act**

In 1990, Congress enacted the Americans with Disabilities Act ("ADA"), which is codified at 42 U.S.C.S. §§ 12101-12213 (Lexis 2017). Title III of the ADA imposes a requirement that "places of public accommodation" must remove "architectural barriers" where such removal is "readily achievable." 42 U.S.C.S. § 12182(2)(b)(iv) (Lexis 2017). Additionally, Title III requires any places of public accommodation constructed after January 26, 1993 to be designed and constructed so as to be readily accessible to access for persons with disabilities. *See* 28 C.F.R. § 36.401 (Lexis 2017). The ADA is further interpreted and applied by the 2010 ADA Standards for Accessible Design. *See* 28 C.F.R. pt. 36 apps. A-D (Lexis 2017). Private parties who bring claims under Title III are entitled only to injunctive relief, not damages. *See* 42 U.S.C.S. § 12188(a)(2) (Lexis 2017) (providing for injunctive relief in private suits.).

**C.    Federal Rule of Civil Procedure 12(b)(1)**

When reviewing a Rule 12(b)(1) motion to dismiss based on a lack of subject matter jurisdiction, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Pershing, LLC. v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also* Fed. R. Civ. P. 12(b)(1). Therefore, "in examining

a Rule 12(b)(1) motion, a district court is empowered to find facts as necessary to determine whether it has jurisdiction." *Machete Prods., LLC*, 809 F.3d at 287.

The Fifth Circuit has recognized two types of challenges to a court's subject-matter jurisdiction under Rule 12(b)(1): "facial attacks" and "factual attacks." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Where "a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony or other evidentiary materials." *Paterson*, 644 F.2d at 523. In the event of a factual attack, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.*

In a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Savs. Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "This means that the district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Id.* Because a Rule 12(b)(1) motion concerns the court's "very power

to hear the case . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Federal Rule of Civil Procedure 56(c). *See Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, at *10 (S.D. Tex. Oct. 28, 2008) (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986)).

### D.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that "a party may assert the following defenses by motion . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the Plaintiff's statement of its claim for relief in its complaint. *See Republican Party v. Martin*, 980 F. 2d 943, 952 (4th Cir. 1992). Therefore, this Court must determine whether the complaint is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere speculation is not enough. *See Twombly*, 550 U.S. at 555.

In this case, the only relief that is available to Appellant was injunctive relief. *See* 42 U.S.C.S. § 12188(a)(2). Appellee provided evidence establishing that all of the alleged ADA violations that existed at the time the lawsuit was filed by Appellant were remedied. ROA.55-56. Appellant did not provide any contravening evidence and, therefore, there was no claim upon which relief could be granted at the time the motion to dismiss was filed.

### E.     Mootness

Under Article III of the U.S. Constitution, a federal court may adjudicate only "cases" or "controversies." U.S. Const. art. III, § 2; *see also Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). "Such a case or controversy must exist throughout the litigation; in other words, the case cannot be moot." *Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258, 264 (5th Cir. 2008). Thus, "[i]f a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). A case becomes moot when "'there are no longer adverse parties with sufficient legal interests to maintain the litigation' or 'when the parties lack a legally cognizable interest in the outcome' of the litigation." *Id.* at 527 (quoting *Scruggs v. Lowman (In re Scruggs)*, 392 F.3d 124, 128 (5th Cir. 2004) (per curiam)).

"Even if a plaintiff has standing at the commencement of a case, when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff, the case is considered moot" and federal courts have no constitutional authority to resolve the dispute. *Calhoun v. FBI*, 546 Fed. App'x 487, 489-90 (5th Cir. 2013) (per curiam) (citing *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013); *Envtl. Conservation Org.*, 529 F.3d at 525)).

Generally, the mootness inquiry centers upon the concern that only live cases or controversies be decided by our courts. *See Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969) (recognizing that a court's inability to consider the merits of a moot case "is a branch of the [U.S. Const. art. III] constitutional command that the judicial power extends only to cases or controversies") (citing *Sibron v. New York*, 392 U.S. 40, 57 (1968)). A controversy becomes moot in the traditional sense when, as a result of intervening circumstances, there are no longer adverse parties with sufficient interests to maintain the litigation. *See Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993). A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents. *See Hogan v. Miss. Univ. for Women*, 646 F.2d 1116, 1117 n.1 (5th Cir. 1981). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful

relief.'" *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)).

1.     Voluntary Cessation

The Fifth Circuit has recognized that "voluntary cessation has rendered a case moot if the party urging mootness demonstrates that there is no reasonable expectation that the alleged violation will recur, and that interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Fantasy Ranch Inc. v. City of Arlington*, 459 F.3d 546, 564 (5th Cir. 2006) (citing *County of Los Angeles v. Davis*, 440 U.S. 625 (1979)). Although not specifically addressed in the ADA context by courts in this Circuit, other courts have persuasively explained how a case is mooted where structural barriers to access have been removed. As the Supreme Court has recognized, a claim alleging a violation of the ADA becomes moot if the alleged violations at issue are corrected without a judicially-sanctioned change in the legal relationship between the parties; i.e. if the Defendant voluntarily ceases the conduct that is the underlying basis for the complaint. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).

As other courts have recognized, "ADA-architectural-barrier cases are a unique subset of voluntary cessation doctrine cases." *Houston v. 7-Eleven, Inc.*, No. 13-60004-CIV, 2014 WL 351970, at *2 (S.D. Fla. Jan. 31, 2014).

> Several courts have found that where structural modifications have been undertaken to make the facility ADA compliant the case is moot. The fundamental rationale supporting these cases is that the alleged discrimination cannot reasonably be expected to recur since structural modifications permanently undo the offending conduct.

*Id.*; *see also Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374, 1379 (S.D. Fla. 2011). "If an ADA 'plaintiff [has] already . . . received everything to which [he] would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent *any basis for concluding* that plaintiff will again be subjected to the same wrongful conduct by this defendant.'" *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F. Supp. 2d 1359, 1365 (S.D. Fla. 2006), *vacated*, 264 Fed. App'x 792 (11th Cir. 2008) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065 (D. Haw. 2000)) (emphasis in original). "[F]ederal courts have found ADA claims moot when the alleged discrimination cannot reasonably be expected to recur because structural modifications are unlikely to be altered in the future." *Access 4 All, Inc. v. Bamco VI, Inc.*, No. 11-61007-CIV, 2012 WL 33163, at *6 (S.D. Fla. Jan. 6, 2012) (internal quotations omitted); *see also Nat'l All. for Accessibility, Inc. v. Walgreen Co.*, No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809, at *3 (M.D. Fla. Nov. 28, 2011) (explaining that "federal courts have

dismissed ADA claims as moot when the alleged violations have been remedied after the initial filing of a suit seeking injunctive relief").

This stands in contrast to the "stringent" standard a defendant must meet to moot a case based on the defendant's voluntary cessation of *discriminatory conduct* which violates the ADA. *See Bamco VI*, 2012 WL 33163, at *5. The mootness doctrine is especially applicable in the ADA context, as the alleged discrimination cannot reasonably be expected to recur, since structural modifications are unlikely to be altered in the future. *See Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 99 (D.D.C. 2007); *Kallen*, 775 F. Supp. 2d at 1379; *Casa Marina Owner, LLC*, 458 F. Supp. 2d at 1366.

    2.    No Relief

In his Complaint, Appellant alleges the following accessibility barriers at the business of Appellee: "AUSTIN SHOE HOSPITAL is not accessible to disabled individuals because it has zero ADA-Compliant Van Accessible parking spaces in the parking lot that serves the business. Furthermore, the threshold to the store entrance exceeds ½." ROA.9.

All of the alleged deficiencies regarding the height of the threshold and van accessible parking were completely remedied approximately three months prior to the filing of the motion to dismiss. ROA.55-56. Thus, all alleged barriers to accessibility identified in the Complaint were removed and/or corrected. ROA.55-

56. At that point in time there were no longer any identified barriers to access to the business of Appellee, and Appellant no longer had standing to assert claims for an injunction that would have no effect. *See Buckhannon Bd. & Care Home*, 532 U.S. at 604.

### F.     Appellant Is Not Entitled to Injunctive Relief

Even if this Honorable Court determines that there is enough of a live controversy to avoid a mootness dismissal, Appellant cannot show that he is entitled to injunctive relief. It is not enough for Appellant to merely allege past exposure to unlawful conditions because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

In this case, there is simply no evidence to justify the entry of a permanent injunction against Appellee. All of the violations identified by Appellant have been rectified and remedied by Appellee, and the business of Appellee is now in compliance with the ADA. ROA.55-56. Because of the direct evidence clearly establishing the lack of likely future injury, Appellant cannot establish a substantial likelihood of success on his claims for injunctive relief. *See Sharp*, 496 F. Supp. 2d at 99; *Kallen*, 775 F. Supp. 2d at 1379; *Casa Marina Owner, LLC*, 458 F. Supp. 2d at 1366.

### G.     Standing

This lawsuit was dismissed because Appellant did not allege, and did not provide any evidence to support, at least two of the required elements of the cause of action asserted by Appellant. *See Fortyune v. Am. Muti-Cinema, Inc.*, 364 F. 3d 1075, 1082 (9th Cir. 2004). In his complaint Appellant alleges that he "experienced difficulty and discomfort" when he allegedly "patronized Defendant's business in August 2015" ROA.13. In his sworn testimony provided during the August 24, 2016 hearing, Appellant alleged that he went to Appellee's business on August 28, 2015, but he did not get out of his vehicle and enter the premises because another vehicle prevented him from exiting his vehicle. ROA.288. Critically, Appellant further testified that he had never been to the business of Appellee prior to August 28, 2015, and had no specific plans or intention to return. ROA.288-89. Under these circumstances the District court correctly determined that Appellant lacked the required legal standing to prosecute the alleged violations of the ADA. ROA.249-50.

Several courts have previously defined standing for this purpose to mean a real and immediate threat of future harm, so it must be likely that the Appellant Deutsch will be discriminated against by Appellee in the future. *See Dudley v. Hannaford Bros. Co.*, 333 F.3d 299 (1st Cir. 2003); *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000); *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel &*

*Tower*, No. 01-CV-5518 (MBM), 2003 WL 1751785, at *7-9 (S.D.N.Y. April 2, 2003); *Parr*, 96 F. Supp. 2d at 1078-81; *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1363-66 (S.D. Fla. 2001). In this case, Deutsch admitted in his sworn testimony that he has no specific intention to return to the business of Appellee on any specific date and, therefore, there is no real or immediate threat of future harm to him via discrimination against Appellant by Appellee. ROA.288-89.

The elements that Appellant must prove to support a violation of Title III of the ADA as alleged by Appellant in this lawsuit include the following:

i.    Appellant has a disability;

ii.   The defendant is a private entity that owns leases or operates a place of public accommodation;

iii.  The defendant employed a discriminatory policy or practice; and,

iv.   The defendant discriminated against the Appellant based upon the Appellant's disability by (a) failing to make a ***requested reasonable modification*** that was (b) necessary to accommodate the Appellant's disability.

*See Fortyune*, 364 F. 3d at 1082. In this lawsuit, it is undisputed and indisputable that Appellee did not employ a discriminatory policy or practice, and that Appellee was never requested to provide any modification or other accommodation prior to the filing of this lawsuit. ROA.289. In fact, Appellant testified that he never contacted Appellee to advise Appellee of any accessibility issues at the premises. ROA.289.

II.  **THE ISSUES CONCERNING A CONTEMPT FINE LEVIED AGAINST COUNSEL FOR APPELLANT AND A NON-EXISTENT AWARD OF ATTORNEYS' FEES TO APPELLEE DO NOT REQUIRE REVERSAL OF THE DISTRICT COURT'S ORDER GRANTING APPELLEE'S MOTION TO DISMISS.**

A.  **Contempt**

In his second issue, Appellant argues that Magistrate Judge Andrew W. Austin erred by finding counsel for Appellant in contempt and levying a $2,500 fine against counsel for Appellant. Appellant's Br. at 25-27. On July 7, 2016, Magistrate Judge Andrew W. Austin entered an Order scheduling an evidentiary hearing on July 15, 2016, concerning the issue of standing in seven of the approximately 385 virtually identical complaints filed by Appellant and his counsel in the Western District of Texas, Austin Division. ROA.96-97. The order specifically ordered "that Plaintiff Jon R. Deutsch be present at the hearing, and be prepared to provide sworn testimony on the standing issues raised in the motions." ROA.97.

On its face, the Order indicates that it was entered in all seven cases because the issues in those cases contained common legal and factual questions so it would be efficient to hold a single hearing. ROA.97. Despite the fact that there was only one Order entered in all seven cases, Appellant argues that the Pacer notifications of entry of the Order, which contain a link to the Order, somehow made a distinction between the cases requiring the Mr. Deutsch to appear in some of the

cases but not others. ROA.110-13. This argument fails because there was one Order entered in all seven cases that clearly and unambiguously required Mr. Deutsch to appear and testify in all seven cases. ROA.97.

Despite the clear and direct language of the Order entered by Magistrate Judge Austin, Mr. Deutsch did not appear at the hearing on July 15, 2016. ROA.97-98. When questioned concerning the absence of his client, counsel for Appellant advised that three of the cases had been dismissed and Pacer entries for the remaining four did not specifically state that Mr. Deutsch needed to attend despite the indisputable evidence that the identical Order was entered in all seven cases. ROA.258-61. Following proper notice and hearing counsel was found to be in contempt and a fine was imposed. ROA.143-44.

It seems clear that counsel for Appellant was in contempt of the July 7, 2016 Order entered by Magistrate Judge Austin, but regardless whether the finding of contempt was properly made and the resulting fine was properly imposed, this issue is neither relevant to nor dispositive of the issue of whether the district court properly granted Appellee's Motion to Dismiss.

## B.    Award of Attorneys' Fees

In his third issue Appellant argues the Magistrate Judge Andrew W. Austin erred by awarding attorneys' fees to Appellee without a finding that the complaint was frivolous and without entry of a final judgment on the merits. Appellant's Br.

at 27-29. It is difficult to respond to this argument because, in fact, Appellee was not awarded its attorneys' fees. Following Magistrate Judge Austin's Report and Recommendations filed on September 21, 2016, Appellant filed Objections and Supplemental Objections. ROA.187-231. Appellee then filed a Response to Objections to note the false and misleading statements made by Appellants in his Objections and Supplemental Objections. ROA.239-47. Based upon the filing of these Objections and Supplemental Objections by Appellant, United States District Judge Lee Yeakel conducted a *de novo* review of the motion to dismiss, the response, objections, response to objections, applicable law, and the entire case file. ROA.248. On December 7, 2016, following his *de novo* review, United States District Judge Lee Yeakel entered an Order on Report and Recommendations overruling the objections of Appellant, accepting and adopting the Report and Recommendations, and granting the Motion to Dismiss previously filed by Appellee. ROA.248-49. On that same day, District Judge Yeakel entered a Final Judgment dismissing Appellant's ADA claims, declining to exercise supplemental jurisdiction over Appellant's state law claims, awarding Appellee its costs of court and closing the case. ROA.250.

It seems clear that Appellee was not awarded its reasonable attorneys' fees in the Final Judgment entered in this cause. ROA.250. It seems equally clear

that whether or not attorneys' fees were awarded is not dispositive of the issue of whether the district court properly granted Appellee's Motion to Dismiss.

## CONCLUSION AND PRAYER

Appellant's claims under the ADA are limited to injunctive relief. The claimed ADA violations were remedied after he filed this lawsuit. From that point on, Appellant lacked standing to continue pursuing this lawsuit because there was no basis for awarding injunctive relief to cure barriers that no longer existed. Likewise, the issues raised in Appellant's Complaint became moot because there was no longer a live controversy upon which the District Court could grant meaningful relief. The remaining two issues raised by Appellant are not relevant to or dispositive of the issue of whether the District Court properly granted Appellee's Motion to Dismiss.

For these reasons, Appellee Travis County Shoe Hospital, Inc. respectfully requests that this Court affirm the District Court's Order granting Appellee's Motion to Dismiss, deny Appellant's request for attorneys' fees and appeal costs, and grant Appellee reasonable attorneys' fees and appeal costs. Appellee also requests any further relief to which it may be entitled in law or equity.

Respectfully submitted,

_/s/ David P. Strolle, Jr._

David P. Strolle, Jr.
Texas Bar No: 19408700
GRANSTAFF, GAEDKE & EDGMON, P.C.
5535 Fredericksburg Road, Suite 110
San Antonio, Texas 78229
Telephone: 210-348-6600, Ext. 203
Facsimile:  210-366-0892
Email:  dstrolle@caglaw.net

ATTORNEY FOR APPELLEE
TRAVIS COUNTY SHOE HOSPITAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16 , 2017, I forwarded a true and correct copy of this brief to the following counsel of record via electronic filing with this Court's CM/ECF system:

Omar W. Rosales
THE ROSALES LAW FIRM, LLC
P.O. Box 6429
Austin, Texas 78762

_/s/ David P. Strolle, Jr._
David P. Strolle, Jr.
ATTORNEY FOR APPELLEE
TRAVIS COUNTY SHOE HOSPITAL, INC.

### CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.3, undersigned counsel certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i).

1. Exclusive of the portions exempted by Fed. R. App. P. 32(f), this brief contains 5,410 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes produced by Microsoft Word 2013 software and converted to PDF format by Acrobat Distiller 10.1.3.

3. Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7)(B)(i), may result in the Court's striking this brief and imposing sanctions against the person who signed it.

_/s/ David P. Strolle, Jr._
David P. Strolle, Jr.
ATTORNEY FOR APPELLEE
TRAVIS COUNTY SHOE HOSPITAL, INC.